IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MARK BUESCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NO.** |
| | ) | |
| ROBERT BOSCH TOOL CORPORATION, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff MARK BUESCHER hereby files the instant Complaint against Defendant ROBERT BOSCH TOOL CORPORATION and states as follows:

**PARTIES**

1. Plaintiff Mark Buescher is a citizen and resident of Fenton, Missouri.

2. Defendant Robert Bosch Tool Corporation (hereinafter "Bosch") was and is an Illinois corporation with its principal place of business in Cook County, Illinois. Bosch may be served with process by serving its registered agent for service of process, Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**JURISDICTION AND VENUE**

3. This Court has personal jurisdiction over Defendant because the causes of action asserted herein arose out of the Defendant's contacts with this state, because, at all relevant times, it designed, manufactured, sold, distributed, promoted and placed into the stream of commerce in Missouri numerous power tools. Defendant also conducted business in the State of Missouri and the causes of action asserted herein arose from and are connected to purposeful acts taken by Defendant in Missouri. Defendant's contacts with Missouri were continuous and systematic.

1

4. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000. Venue is proper in this Court because the causes of action asserted herein arose in Fenton, Missouri.

5. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## FACTS COMMON TO ALL COUNTS

6. This suit arises out of the serious and permanent personal injuries suffered by Plaintiff due to the wrongful conduct of Defendant in designing, manufacturing, distributing and selling a Skilsaw Model 3305 table saw (the "Bosch Saw").

7. The Bosch Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Bosch Saw is extremely difficult to use and must be removed for a user to make certain cuts with the saw. Once removed, it is extremely difficult to reattach the blade guard. Thus, it is common practice for users of the Bosch Saw to either assemble the saw without the guard or to remove the guard and leave it permanently off the machine while using the table saw. This widespread practice was well known by Defendant, yet Defendant made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

8. The Bosch Saw also comes with a splitter or spreader attached to the guard that is designed to prevent kickbacks while cutting. A kickback is often the result of the saw blade being pinched by the wood as it is being cut. The back of the saw blade can cause the wood to jerk or kick back at high velocity into the user, causing the user's hands or fingers to be land on or be pulled into the spinning blade of the saw and leading to catastrophic and permanent

injuries.  Kickbacks are a common and well-recognized phenomenon of which Defendant had actual knowledge at the time the Bosch Saw was designed, manufactured, distributed and sold.

9.     Defendant designed the splitter or spreader of the Bosch Saw to be attached directly to the guard.  When the guard is removed, as it often is, no kickback protection is provided to the user.  Because it used such a splitter or spreader design, the Bosch Saw was unreasonably dangerous as designed and manufactured.

10.    Defendant has known for many years that kickbacks can be substantially reduced or eliminated by using a riving knife rather than a spreader or splitter.  A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade.  Even if the guard is removed, the riving knife remains in place, substantially reducing or eliminating kickbacks.  Riving knifes have been used for decades in Europe and are required on all power tables saws sold in Europe.  Recently, riving knifes have been included as necessary safety equipment pursuant to new industry-wide standards adopted in the United States.

11.    The Bosch Saw used by Plaintiff did not have a riving knife.  Had Defendant used this safer alternative design on the Bosch Saw, Plaintiff would not have been injured or his injuries would have been substantially reduced.  Because it lacked a riving knife, the Bosch Saw was unreasonably dangerous as designed and manufactured.

12.    For many years other technology has been available that would have eliminated or reduced Plaintiff's injury.  Such technology, known as SawStop, stops the spinning saw blade almost instantly upon contact with human skin.

13.    In or around December 2001, Bosch and PTS were made aware of flesh-sensing technology that stops a spinning table saw blade almost instantly upon contact with human skin.  In or around December 2001, Stephen Gass, the inventor of the SawStop technology, offered to

3

make the technology available through a licensing agreement. The technology was feasible for incorporation into the Bosch Saw.

14. Bosch, and other table saw manufacturers, failed to pursue a license of the available SawStop technology or to incorporate similar technology into the Bosch Saw. As a result, the Bosch Saw had no flesh-detecting technology or other similar technology that would stop a spinning saw blade upon contact with human skin. Because it lacked such technology, the Bosch Saw was unreasonably dangerous as designed and manufactured.

15. On or about August 20, 2013, while using the Bosch Saw in the reasonable, foreseeable and intended manner, Plaintiff suffered severe and permanent personal injuries causes by contact between his fingers and the saw's rotating blade. At the time of his injury, Plaintiff was acting reasonably and was exercising all due care for his own safety.

## COUNT I

## STRICT PRODUCT LIABILITY

16. Plaintiff re-alleges Paragraphs 1 through 15 and incorporates them herein by reference.

17. Defendant is liable under the theory of product liability as set forth in §§402A and 402B of the Restatement of Torts 2d. Defendant at all times material hereto engaged in the business of designing, manufacturing, assembling, selling, marketing, and/or supplying the Bosch Saw. The Bosch Saw was in a defective condition at the time that it was designed, manufactured, sold, and/or marketed by Defendant and at the time it left Defendant's possession. The Bosch Saw reached Plaintiff without any substantial change in their condition and the Bosch Saw was in the possession of the Defendant at the time the defect occurred.

18. The condition of the Bosch Saw made it unreasonably dangerous for its intended use. Plaintiff was a user of the Bosch Saw and was unaware of the defect and used the Bosch Saw in a reasonable, foreseeable and intended manner. The injury suffered by Plaintiff was the exact type of injury that can be caused by a defective table saw.

19. The Bosch Saw failed to perform as safely as an ordinary consumer, such as Plaintiff, would expect when used in an intended or reasonably foreseeable manner. The benefits of the design of the Bosch Saw do not outweigh the risk of danger inherent in such design. Moreover, the Defendants could have provided a safer alternative design into the Bosch Saw. Such a safer alternative design existed at the time the Bosch Saw was manufactured, and it would not have substantially impaired the Bosch Saw's utility. Such safer alternative design was economically and technologically feasible at the time the product left the control of the Defendant by the application of existing or reasonably achievable scientific knowledge. The Bosch Saw's defective design was a proximate cause of Plaintiff's injuries and damages.

20. The defective condition of the Bosch Saw was a legal cause and proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.

21. For these reasons, the Defendant is strictly liable under Missouri product liability law without regard to proof of negligence or gross negligence.

## COUNT II

## NEGLIGENCE

22. Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 15 and incorporates them herein by reference.

23. Defendant had a duty to exercise reasonable care in the design, manufacture, marketing, testing, approval, application for approval, inspection, sale and distribution of the Bosch Saw into the stream of commerce. Defendant failed to exercise ordinary care in the design, manufacture, marketing, testing, inspection, sale and/or distribution of the Bosch Saw into interstate commerce and thus Defendant was negligent in all of these areas. As a result of the negligence of Defendant, the Bosch Saw was unreasonably dangerous for its ordinary and foreseeable use at the time it left the possession of Defendant.

24. Defendant's negligence was a proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF FITNESS

25. Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 15 and incorporates them herein by reference.

26. Defendant had reason to know that the particular purpose for which the Bosch Saw was to be used. Defendant had reason to know that the buyer or supplier was relying on the skill and judgment of Defendant to select or furnish suitable products. The product supplied by Defendant was unfit for the particular purpose for which it was purchased. This lack of fitness for the product's purpose was a legal cause and proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.

## COUNT IV

## PUNITIVE DAMAGE CLAIM

27.     Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 15 and incorporates them herein by reference.

28.     Defendants sold the Bosch Saw with knowledge of the defects and dangers hereinabove alleged and committed the negligent acts hereinabove alleged under circumstances which show complete indifference to or conscious disregard for the safety of others.  Defendants showed a complete indifference to or conscious disregard for the safety of others by placing the Bosch Saw into commerce even though it was unreasonably dangerous and Defendants had actual knowledge that it was defective.  Specifically, Defendants were conscious (from the knowledge of surrounding circumstances and existing conditions) that their conduct or failure to act would naturally or probably result in injury.  Plaintiff is therefore entitled to an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

## DAMAGES

29.     **Punitive, Exemplary, and Other Damages**.  Defendants showed a complete indifference to or conscious disregard for the safety of others.  Specifically, Defendants were conscious (from the knowledge of surrounding circumstances and existing conditions) that their conduct or failure to act would naturally or probably result in injury.  Plaintiff therefore seeks recovery of punitive, exemplary and any other additional damages that the law allows under the causes of action asserted above.

30.     **Actual Damages.**  The wrongful acts of Defendant set forth above were a legal cause of Plaintiff's injuries and damages.  Plaintiff seeks all actual damages available under

Missouri law including, without limitation: (a) damages for physical pain, mental anguish, physical disfigurement, and physical impairment; (b) damages for medical care and treatment; (c) damages for lost wages; and (d) damages for loss of Plaintiff's ability to engage in usual and normal activities.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, that the Court set this case for jury trial, that judgment be entered against Defendant for the damages set forth herein as well as pre-judgment and post-judgment interest and costs of suit and that the Court grant Plaintiff such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Shawn G. Foster*
Shawn G. Foster, #47663
**Preuss | Foster**
10601 Mission Rd., Suite 250
Leawood, KS 66206
816.307.2788
sfoster@pflaw.com

**ATTORNEYS FOR PLAINTIFF**


Admission Pro Hac Vice will be sought for:

Eric D. Pearson, Esq.
John Chapman, Esq.
**HEYGOOD, ORR & PEARSON**
6363 North State Highway 161, Suite 450
Irving, TX 75038
Telephone No.: (214) 237-9001
Facsimile No.:  (214) 237-9002